Sarah J. Everett *et al.*
*v.*
Isaac S. Boardman.

Description of premises *in a deed—of its sufficiency.*  A mortgage purported to convey lot six in a certain section, but followed with a description by metes and bounds of the part of the section which was embraced in lot two, and further described the premises as having been allotted to the mortgagor out of his father's estate in a suit for partition, and referred to the record of that suit, which showed the allotment to the mortgagor was of lot two : *Held,* these recitals and references sufficiently identified the land as lot number two.

Writ of Error to the Circuit Court of Macon county ; the Hon. A. J. Gallagher, Judge, presiding.

This was a suit in chancery, instituted in the court below by Isaac S. Boardman, against the widow and heirs of James E. Everett, deceased, to foreclose a mortgage executed to the complainant by the said James E. and his wife, and to reform the mortgage in respect to an alleged mistake in the description of the premises therein.

The mortgage described the property as "lot No. six, in section No. ten, in township No. fifteen, north of range No. two east, containing 63 78-100 acres, more or less," and then follows with a description, by metes and bounds, of a portion of the same section, which was embraced in lot number two, and as a further description, the property mortgaged was stated to be "part and parcel of the real estate of which Winkfield Everett, late of said county, deceased, was seized at the time of his death, and which was set apart and allotted to the said James E. Everett as one of the heirs of the said deceased, by commissioners appointed by order and decree of the circuit court of the said county of Macon, to make partition of the real estate of said decedent among his heirs and legal representatives. For a more perfect description of said premises, reference may be had to the plat and report of said commissioners, recorded among the records and proceedings of said

circuit court, book 'C,' pages 403, 404 and 405, and amended record."

It appeared, that the parcel of land so allotted to James E. Everett, out of the estate of his father, was lot two, and not lot six, but in the same section.

The court decreed a foreclosure of the mortgage, treating the instrument as a mortgage upon lot two, without attempting to reform the same in respect to the matter of description.

The defendants below, thereupon sued out this writ of error.

It is insisted, in behalf of the widow, that the premises described in the mortgage were lot six, which was not owned by the mortgagors, and that lot two, which they did own, was intended to be conveyed, but that no reformation of the deed in respect to the description, can operate to pass her dower right in lot two.

Mr. F. S. MURPHY, for the plaintiffs in error.

Messrs. NELSON, ROBY & PEDDECORD, for the defendant in error.

Per CURIAM: The mortgage deed is for lot six, but the description of the land conveyed is by metes and bounds, and describes lot two; and it is further described as being part and parcel of the real estate of which Winkfield Everett, late of said county, deceased, was seized at the time of his death, and which was set apart and allotted to the said James E. Everett (the mortgagor) as one of the heirs of the said deceased, by commissioners appointed, etc., and a reference made to their recorded report.

These recitals and references sufficiently identify the land as lot two, and no reformation or correction of the deed was necessary. The dower of the wife in the land passed by her acknowledgment, which is in proper statutory form.

The decree of the circuit court is affirmed.

*Decree affirmed.*